UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARROD TOMASSI, AARON KING, on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br><br>      v.<br><br>CITY OF LOS ANGELES, a Municipal Corporation,<br><br>              Defendant. | NO. CV 08-1851 DSF (SSx)<br><br>**MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL** |

### INTRODUCTION

On September 30, 2008, Plaintiffs Jarrod Tomassi and Aaron King ("Plaintiffs") filed a "Motion Under Rule 37 to Compel Names, Addresses and Other Contact Information for The Putative Class Members" (the "Motion" or the "Motion to Compel"), seeking to compel a further response from Defendant City of Los Angeles ("Defendant") to Interrogatory Number One. The parties submitted a Joint Stipulation (the "Jt. Stip.") reflecting their respective positions regarding the Motion. On October 7, 2008, each party filed a Supplemental Memorandum

in support of their positions. On October 21, 2008, the Court held a hearing on the Motion. For the reasons stated below, the Motion is GRANTED in part and DENIED in part.

**DISCUSSION**

A.   **Plaintiffs' Contentions**

Plaintiffs bring this action on behalf of themselves and all others similarly situated against Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), for Defendant's alleged failure to pay wages to its employees for all hours worked. (Jt. Stip. at 1). Plaintiff Tomassi was a Firefighter II (i.e., probationary or rookie member) with Los Angeles Fire Department ("LAFD") until he was terminated on November 8, 2007. Plaintiff King has been a Firefighter II with the LAFD since February 2004. On August 25, 2008, the Court issued an order providing 60 days to Plaintiffs to file a joinder of four additional Plaintiffs, following a hearing on Plaintiffs' Conditional Certification Motion.

According to Plaintiffs, it is a tradition and practice in the LAFD that probationary employees are required to work substantial "off the clock" hours, which are neither recorded nor paid for by the LAFD. (Jt. Stip. at 2). Plaintiffs seek to represent a class consisting of all probationary firefighters who have worked for the City of Los Angeles from March 19, 2005 to the present. (Motion for Cond. Cert., etc. at ii).

Plaintiffs served discovery which they assert is relevant to their class certification motion. In particular, Special Interrogatory Number One asked Defendant to "IDENTIFY each and every person who has been employed by YOU as a Firefighter II at any time from March 19, 2005 to the present." (Jt. Stip. at 1). "IDENTIFY" was defined to include "the person's full name, present or last known address and telephone number, and any alternate contact information." (Id.). Plaintiffs seek to compel a response to this interrogatory. Plaintiffs are requesting the names, addresses, telephone numbers and other contact information for each and every person who has been employed by the City as a Firefighter II at any time from March 19, 2005 to the present. (Id.). Defendant objected to this interrogatory on multiple grounds.

### B.  Defendant's Contentions

Defendant argues that the requested discovery is not essential to class certification and is merely a "fishing expedition" to allow Plaintiffs' counsel to identify potential new clients. (Jt. Stip. at 10). Defendant further asserts that the disclosure of this information would violate the privacy rights of putative class members. (Id.).

### C.  Procedural History

Plaintiffs filed their complaint on March 19, 2008. Defendant filed its Answer on April 10, 2008. On June 19, 2008, Plaintiffs filed a "Motion for Conditional Collective Certification and To Facilitate Notice Pursuant to FLSA, 29 U.S.C. § 216(b)." In the Motion for Conditional Collective Certification, etc., Plaintiff sought an order

for the production of the names, addresses, alternate addresses and telephone numbers of all probationary firefighters. (See Motion for Cond. Cert., etc., at ii).

On July 28, 2008, Defendant filed an Opposition to the Motion for Conditional Collective Certification and, on August 11, 2008, Plaintiffs filed a Reply. On August 25, 2008, following a hearing on Plaintiffs' Motion for Conditional Collective Certification, the Court issued an order allowing Plaintiff sixty days to file a joinder for four additional plaintiffs. The Court also instructed the parties to agree on the appropriate form of notice. (See Order dated 8/25/08).

During the hearing on Plaintiffs' Motion for Conditional Collective Certification, the Court made serval observations. First, the Court admonished the parties that they were required to comply with the requirements of Rule 7.3, i.e., to hold a meet and confer prior to the filing of a motion, and make an effort to resolve matters that could be resolved through a meet and confer. The Court specifically noted that the "form of the notice" should be the subject of a meet and confer. (Motion to Compel, Exh. A at 5-6).

Plaintiffs' counsel asserted that she needed responses from discovery requests to supplement her Motion for Conditional Certification. (Motion to Compel, Exh. A at 11). Specifically, she stated that she needed the "names of the rookies." (Id. at 11-12). Defense counsel informed the Court that Defendant had objected to the discovery on the grounds that it was overbroad, seeking more information than necessary, and because the discovery invaded the privacy rights of

the firefighters. (Id. at 14). Following further discussion, the Court stated that there was "a rather strong case for a collective action conditional certification." (Id. at 18). She also directed the parties to "sit down and talk about what an appropriate notice should look like." (Id.).

Plaintiffs filed their Motion to Compel, seeking names and addresses of potential class members, on September 30, 2008. In the Motion, Plaintiff's counsel noted that she proposed, as a compromise, that Defendant produce half of the putative class members' names and contact information. (Jt. Stip. at 9). Defense counsel declined this proposed resolution. (Id.). On October 21, 2008, the Court held a hearing on the Motion.

### D. Plaintiffs Are Entitled to the Names and Addresses of Potential Class Members

It is well settled that district courts have the discretion under Section 216(b) of the FLSA to direct a defendant employer to disclose the names and addresses of potential class members. Hoffman-LaRoche v. Sperling, 493 U.S. 165, 170, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989)(approving district court's order permitting discovery of names and addresses of certain employees); Patton v. Thomson Corp., 364 F. Supp. 2d 263, 266-67 (E.D.N.Y. 2005)(ordering employer to disclose names, addresses, social security numbers and employment dates of putative class members in FLSA action). Courts in actions under the FLSA may facilitate the issuance of a notice informing potential "opt-

in" plaintiffs of the collective action. <u>Hoffman-LaRoche</u>, 493 U.S. at 170. Such notice is facilitated by the disclosure of contact information.

Defendant argues that the requested discovery would invade putative class members' privacy rights. (<u>Id.</u>). This argument has been squarely rejected by numerous courts who have balanced the infringement of potential class members privacy against the representative plaintiff's need for the information.

Preliminarily, the Court notes that although the right to privacy is not a federally recognized privilege, many federal courts have considered it in discovery disputes. See <u>DeMasi v. Weiss</u>, 669 F.2d 114, 120 (3rd Cir. 1982); <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 616 (N.D. Cal. 1995). The right to privacy is not absolute. In determining whether privacy is subject to invasion, the court must balance the asserted right to privacy against the relevance and necessity of the information sought by the plaintiff. See <u>Johnson v. Thompson</u>, 971 F.2d 1487, 1497 (10th Cir. 1992) (citing <u>Lukaszewicz v. Ortho Pharmaceutical Corp.</u>, 90 F.R.D. 708, 709 (E.D. Wis. 1981)); <u>Ragge v. MCA/Universal</u>, 165 F.R.D. 601, 604-05 (C.D. Cal. 1995) (requiring a balance of a party's right to privacy against the importance of the information to the case).

In <u>Gulf Oil Co. v. Bernard</u>, 452 U.S. 89, 101 S. Ct. 2193, 68 L. Ed. 2d 693 (1981), the Supreme Court established a rule of deference to class counsel in Rule 23 class actions to permit communications with potential class members for the purpose of notification and gathering information, even prior to class certification. The Court affirmed the

6

Fifth Circuit's decision invalidating the district court's order banning communications between class counsel and any actual or potential class members. Although the Court recognized the legitimacy of the concern regarding client solicitation, it found that the need of class counsel to communicate with potential plaintiffs outweighed such concerns. Id. at 101-02. Several subsequent decisions have found that the need of class counsel to communicate with potential class members outweighs the right to privacy that may protect certain information.

The California Supreme Court recently addressed the privacy issue in Pioneer Electronics, Inc. v. The Superior Court, 40 Cal. 4th 360, 53 Cal. Rptr. 3d 513 (2007). In Pioneer, the court explained that the right of privacy protects the individual's reasonable expectation of privacy against a serious invasion. 40 Cal. 4th at 370 (emphasis in original) (citations omitted). When the disclosure of information does not involve particularly sensitive information, no serious invasion of privacy occurs. Id. at 372. The disclosure of mere contact information, such as names and addresses, does not unduly interfere with one's right to privacy. Id. The Pioneer court found that contact information was discoverable for the purpose of permitting the lead plaintiff to prosecute the case. Id.; see also Lee v. Dynamex, Inc., 166 Cal. App. 4th 1325, 1338, 83 Cal. Rptr. 3d 241 (2008)(reversing trial court's denial of motion to compel disclosure of names and addresses of potential class members and finding no undue privacy invasion); Putnam v. Eli Lilly and Co., 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007)(finding that the relevancy of potential plaintiffs' contact information outweighs their privacy interests).

Although Defendants argue that this discovery is nothing more than a "fishing expedition," i.e., the current Plaintiffs are simply "fishing" for clients, (Jt. Stip. at 7), this Court disagrees. The Court, after balancing the various concerns presented by the Motion to Compel, concludes that Plaintiffs' need for names and addresses of potential class members outweighs the asserted privacy rights. As demonstrated in the cases cited above, the need for disclosure of names and addresses of potential class members to enable a representative plaintiff to prosecute his case is well-established. The requested discovery is permissible. Defendant's concern for the privacy rights of potential class members can be addressed through a protective order. Any concerns that Defendant has regarding the nature or manner of contact with potential class members should be addressed in a meet and confer regarding Plaintiffs' notice. The Court, during the hearing on Plaintiffs' Motion for Conditional Collective Certification, was extremely clear in its direction to counsel that the terms of the notice should be resolved through the meet and confer process.

## CONCLUSION

Plaintiffs are entitled to the names and addresses of potential class members. To the extent the Motion to Compel seeks names and addresses of potential class members, the Motion to Compel is **GRANTED**. However, the Motion is **DENIED** to the extent it sought any additional information regarding these individuals such as their telephone numbers or "alternate contact information" such as email addresses.[1] The

---

[1] In Best Buy v. Superior Court, 137 Cal. App. 4th 772, 778, 40 Cal. Rptr. 3d 575 (2006), the court recognized that contact by mail was

1 parties are ORDERED to submit an appropriate stipulated protective order
2 by **October 27, 2008**. The order must describe with particularity the
3 information to be maintained as confidential. The parties must include
4 a "good cause statement," i.e., the parties must describe the specific
5 harm that would result from the disclosure of this information.
6 Defendant shall serve a supplemental response to Interrogatory Number
7 One, disclosing the names and addresses that are responsive to that
8 request, no later than **November 4, 2008**.

10     IT IS SO ORDERED.

12 DATED: October 24, 2008                      SUZANNE H. SEGAL
13                                             SUZANNE H. SEGAL
14                                             UNITED STATES MAGISTRATE JUDGE

---

27 preferable to contact with potential class members either in person or
by telephone. <u>Best Buy</u>, 137 Cal. App. 4th at 175. In order to minimize
28 any potential privacy issues, the Court denies Plaintiffs' request for
telephone numbers or alternate contact information.